IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D. MARCY, | : |
| | :    3:17-cv-00411 |
| Petitioner, | :    (JUDGE MARIANI) |
| | :    (Magistrate Judge Arbuckle) |
| v. | : |
| | : |
| WARDEN, SCI GRATERFORD, et al. | : |
| | : |
| Respondents. | : |

## MEMORANDUM OPINION

Presently before the Court[1] is Magistrate Judge Arbuckle's Report and

Recommendation (Doc. 22) to the Petitioner Joseph D. Marcy's Petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Marcy contends that he is entitled to (1)

have his conviction and sentence vacated and (2) a new trial by the Commonwealth of

Pennsylvania (the "Commonwealth"). The Magistrate Judge recommended that Marcy could

properly seek relief under § 2254, because the Superior Court of Pennsylvania (the

"Superior Court") improperly applied Pennsylvania procedural law, rendering its decision, to

deny Marcy relief under the Pennsylvania Post Conviction Relief Act ("PCRA") and reinstate

his judgment of sentence, unreasonable. The Commonwealth objected to this

recommendation arguing that the Superior Court overturned Marcy's PCRA petition and

---

[1] This matter was recently reassigned to the undersigned following the passing of the Honorable A. Richard Caputo.

1

denied him relief on "an adequate and independent state procedural ground." (Doc. 23, at 1). Accordingly, this Court must determine whether the Superior Court denied relief on an adequate and independent state procedural ground and whether Marcy has established that his procedural default should be excused. Because Marcy has not demonstrated cause and prejudice or a fundamental miscarriage of justice, his procedural default cannot be excused. As such, Marcy is not entitled to relief under § 2254, and the Report and Recommendation will not be adopted.

## I.    FACTUAL BACKGROUND

On February 17, 2011, Marcy was convicted of raping his six-year old daughter and other related charges. (Doc. 17-5, at 31-39). He subsequently filed a timely Notice of Appeal to the Superior Court. (*Id.* at 61). Before his direct appeal was adjudicated, Marcy proceeded to file two pro se Motions for Post-Conviction Collateral Relief on May 13, 2011 and June 19, 2012. (Doc. 17-6, at 90). The PCRA Court properly dismissed these PCRA petitions as premature, because Marcy's direct appeal was still pending. (Docs. 17-5, at 102; 17-6, at 91). On July 27, 2012, the Superior Court affirmed Marcy's judgment of sentence. (Doc. 17-5, at 103). Marcy did not petition to appeal his judgment of sentence to the Pennsylvania Supreme Court, rendering Marcy's judgment of sentence final on August 27, 2012. (*Id.*). *See* 42 Pa. Cons. Stat. § 9545(b)(3).

On October 15, 2012, the PCRA Court, apparently sua sponte as Marcy did not file a motion, reinstated Marcy's second PCRA petition filed on June 19, 2012 (the "PCRA

petition"), appointed counsel for Marcy, and gave him three months to "supplement the motion filed of record." (Doc. 17-5, at 108). On the PCRA petition, Marcy checked the boxes that indicated he intended to raise claims of ineffective assistance of counsel and violations of his Constitutional rights. (*Id.* at 73). While Marcy did not check the box on the PCRA petition indicating that he intended to raise a claim of "newly discovered exculpatory evidence," Marcy did attach various affidavits. (*Id.* at 73, 89-94). One such affidavit, signed by Kimberly Marth, stated that the victim and principal witness in Marcy's criminal case had recanted her testimony, admitting to Marth that she had fabricated her allegations and expressing remorse. (*Id.* at 90). The entire text of this affidavit states:

> My name is Kimberly Marth and I am writing on behalf of [Marcy] who is currently incarcerated after being convicted of sex crimes against his daughter. I am writing this letter in light of things told to me and several other people that, [the victim], had not told the truth in her testimony at trial against her father and that certain acts of the abuse in fact did not happen at all. She had just "made them up and doesn't know why." [The victim] also expressed that she is very sorry for doing this and is also ready to tell the truth.

(*Id.*). Finally, in the PCRA petition, Marcy indicated that he requested an evidentiary hearing, and he certified that Marth and several others would testify that the victim's testimony was false. (*Id.* at 88).

On March 15, 2013, Marcy complied with the PCRA Court's direction to file a Supplement to his PCRA petition. (Doc. 17-5, at 109). The text of the Supplement specifically incorporated the claims raised in his PCRA petition, while raising issues of ineffective assistance of counsel at trial, the jury's interpretation of the evidence, and errors

3

made by the trial court. (*Id.*). Over a year later, on May 23, 2014, Marcy filed an Additional Supplement to his PCRA petition. (Doc. 17-6, at 2). The Additional Supplement explained that an investigator interviewed the victim, and she "recanted significant portions of her previous testimony, indicating that [Marcy] did not, at any time, have vaginal or anal sex with her, as she previously testified." (*Id.* at 5). It further explained that these statements were given voluntarily and with the consent of the minor victim's guardian. (*Id.* at 2).

On September 25, 2014 and February 19, 2015, the PCRA Court conducted Marcy's PCRA petition hearings. (Doc. 17-6, at 9, 21). During these proceedings, the court heard testimony from Marcy, the victim, a medical expert, and the attorney who represented Marcy at his original trial. (*Id.* at 10, 22). The PCRA Court ultimately granted Marcy's PCRA petition and ordered a new trial pursuant to 42 Pa. Con. Stat. § 9543(a)(2)(vi), which allows for relief "based upon exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." (*Id.* at 55). Under § 9543(a)(2)(vi), the petitioner must prove by a preponderance of the evidence that:

1. The evidence has been discovered after the trial and it could not have been obtained at or prior to trial through reasonable diligence;
2. Such evidence is not cumulative;
3. The evidence is not being used solely to impeach credibility; [and]
4. Such evidence would likely compel a different verdict.

(*Id.* at 59) (citing *Commonwealth v. Medina*, 92 A.3d 1213, 1218 (Pa. Super 2014)). The PCRA Court weighed "the inherent unreliability of recantation" evidence with its assessment of the victim's credibility based on "personally observing the witness, now eleven (11) years

old, during her recantation testimony on direct and cross-examination and her demeanor throughout." (Doc. 17-6, at 59, 64). The PCRA Court concluded that though the victim "appeared reluctant at times, the recantation testimony was still credible." (*Id.* at 59). Notwithstanding this determination, the court explained that Marcy was entitled to a new trial even if it doubted the victim's testimony, because the recantation evidence presented by Marcy satisfied the four-prong test for relief based upon newly discovered exculpatory evidence. (*Id.* at 62).

The Luzerne County District Attorney appealed the PCRA Court's grant of a new trial to the Superior Court, which reversed the decision and reinstated Marcy's judgment of sentence. (Doc. 17-6, at 89-98). The Superior Court based its decision on waiver and jurisdictional issues, declining to address "whether the trial court abused its discretion in finding the victim's recantation testimony credible." (*Id.* at 93, n.3). In support of this decision, the Superior Court provided four conclusions. First, the affidavit attached to Marcy's PCRA petition from Marth was insufficient to raise a recantation claim, because Marcy "did not even mention a recantation claim in the Petition itself" by failing to indicate that he had "newly discovered exculpatory evidence." (*Id.* at 93). Second, though Marcy could have timely raised this recantation evidence in his Supplement, he did not mention the recantation claim there at all. (*Id.* at 94). Thus, Marcy waived his right to have the merits of this claim reviewed, because he knew of the recantation evidence at the time he filed the Supplement and failed to raise it. (*Id.*). Third, while the Additional Supplement adequately

raised the issue of recantation, it was filed more than a year after Marcy's judgment of sentence became final, which rendered it time barred. The PCRA requires that any PCRA petition must be filed within one year of the date the judgment becomes final. (Doc. 17-6, at 95) (citing 42 Pa. Cons. Stat. § 9545(b)(1)). Since PCRA timeliness requirements are jurisdictional in nature, the court may not address the merits of untimely claims. (*Id.*) (citing *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (2010)). Fourth, even if the Marcy's Additional Supplement was filed within one year of his judgment of sentence becoming final, he failed to file it in accordance with the Pennsylvania Rules of Criminal Procedure, which provide that "a petitioner may only amend a PCRA petition by direction or leave of the PCRA Court." (Doc. 17-6, at 96) (citing Pa. R. Crim. P. 905(A)). Since Marcy never sought leave to amend his PCRA petition, he once again waived his recantation claim. (Doc. 17-6, at 97). On November 22, 2016, the Pennsylvania Supreme Court denied review of the Superior's Court's decision. (*Id.* at 99).

In January 2017, Marcy filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "habeas petition"), alleging denial of due process, equal protection of the laws, denial of the right to confrontation and compulsory process, and a brief in support of his habeas petition. (Docs. 1, 5).[2] Marcy seeks relief in the form of overturning the Superior Court's ruling and reinstating the PCRA Court's grant of a new trial. (Doc. 1, at 6). After the

---

[2] Marcy originally filed this habeas petition in the Eastern District of Pennsylvania where he was detained at the time. The Eastern District of Pennsylvania transferred Marcy's habeas petition to the Middle District of Pennsylvania. (Doc. 6).

filing of a Mason-Myers Election (Doc. 13), the Commonwealth's Answer (Doc. 17), and a Traverse (Doc. 18), Marcy's habeas petition was referred to the Magistrate Judge for Report and Recommendation. On February 7, 2020, the Magistrate Judge issued a Report and Recommendation (Doc. 22), and the Commonwealth timely filed an objection and brief in support (Docs. 23, 24). Marcy subsequently filed a Motion to Grant Habeas Bail (Doc. 25), a Motion to Amend/Correct his Petition (Doc. 26), and a Motion to Amend Habeas Findings (Doc. 27).

## II. LEGAL STANDARDS

### A. Review of a Report and Recommendation

When objections to the magistrate judge's Report and Recommendation are filed, the court must conduct a de novo review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). This only applies, however, to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a de novo determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Indeed, the Third Circuit has instructed that "providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id.* at 7. In conducting a de novo review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).

Uncontested portions of the Report and Recommendation may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### B. Federal Habeas Review of Procedurally Defaulted Claims

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. *See Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *Johnson v. Williams*, 568 U.S. 289, 302 (2013). For § 2254(d) purposes, a claim has been adjudicated on the merits "when a state court has made a decision that finally resolves the claim on the basis of its substance, rather than on a procedural, or other, ground." *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 545 (3d Cir. 2014) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)). "Procedural default is a corollary of exhaustion." *Bridges v. Beard*, 941 F. Supp. 2d 584, 622 (E.D. Pa. 2013). "A claim is procedurally defaulted if the petitioner failed to exhaust that claim in state court and if state procedures prohibit the petitioner from later presenting the claim in state court." *Collins v. Sec'y of Pennsylvania Dep't of Corr.*, 742

F.3d 528, 542 (3d Cir. 2014). "A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (internal citations and quotations omitted).

## III. DISCUSSION

Marcy argues that his habeas petition should be granted, and he should receive relief in the form of a new trial in state court for two reasons. First, he argues that the Superior Court's determination that he had procedurally defaulted his recantation claim does not rest upon an adequate and independent state procedural ground. (Doc. 5, at 15-18). Second, he contends that, even if he procedurally defaulted his recantation claim, this error should be excused, because he has established cause for the default and resulting prejudice. (*Id.* at 20-22). Alternatively, a fundamental miscarriage of justice would result if his claim is not reviewed. (*Id.* at 19).

Any procedural default must rest on "adequate and independent state law grounds." *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004) (quoting *Harris v. Reed*, 489 U.S. 255, 109 (1989)). The state law ground must be either "a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Id.* (citations omitted). A state procedural rule is independent when it is not "interwoven with federal law" and can "be divorced from the merits of the petitioner's claim." *Bridges*, 941 F. Supp. 2d at 621 (citing *Pinchak*, 392 F.3d at 557). "To qualify as an "adequate" procedural ground, a

9

state rule must be "firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011). Even a discretionary state procedural rule can bar federal habeas review, "if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Id.* "[I]f a federal court determines that a claim has been defaulted, it may excuse the default only upon a showing of" cause for the default and prejudice from the violation of federal law or a fundamental miscarriage of justice. *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007) (internal citations omitted).

Here, the Superior Court reversed the PCRA Court's grant of a new trial, reasoning that the PCRA Court did not have jurisdiction to review Marcy's recantation claim because (1) Marcy failed to properly assert his recantation claim in his PCRA petition, (2) he waived his right to have the court review this claim when he had the opportunity, yet failed, to assert it in the Supplement, (3) the court lacked jurisdiction to review the Additional Supplement because it was time barred under the PCRA, and (4) he waived any claims set forth in the Additional Supplement since he filed it without leave of court. (Doc. 17-6, at 93-96). In response, Marcy argues that the PCRA's time bar is not an adequate state procedural ground for denying review, because "the PCRA time bar is NOT firmly established or regularly followed when an applicant has a pending PCRA Petition in the Court, that is otherwise timely filed, and that pleading is supplemented or amended." (Doc. 5, at 18). Marcy cites three cases in support of this proposition: *Com. v. Medina*, 92 A.3d 1210, 1217-18, *Com. v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003), and *Com. v. Loner*, 836 A.2d 125,

10

141-42 (Pa. Super. 2003). (Doc. 5, at 18). Even a broad reading of *Loner* does not support his assertion. *See Loner*, 836 A.2d at 141-42 (2003) (The Superior Court reviewed whether the PCRA Court clearly abused its discretion in denying Appellant a new trial based upon after-discovered recantation evidence and affirmed the PCRA Court's order denying Appellant post-conviction relief.). Marcy is correct that *Medina* and *Boyd* demonstrate instances where the PCRA Court recognized exceptions to the PCRA time bar, one exception delineated by statute, 42 Pa. Con. Stat. § 9543(a)(2)(vi), for after-discovered evidence and another by Pennsylvania's Rules of Criminal Procedure, Pa. R. Crim. P. 905(A), for the PCRA Court to freely grant petitioners leave to amend their PCRA filings. *See Medina*, 92 A.3d at 1217-18 (concluding that that Appellee's second PCRA petition was timely filed under the after-discovered evidence exception, because he could not have discovered such recantation evidence through reasonable diligence before filing his first PCRA petition); *Boyd*, 835 A.2d at 816 (concluding that the PCRA Court was within its discretion to consider an Appellant's supplement as part of his original PCRA petition, because the Pennsylvania Rules of Criminal Procedure allow a PCRA Court "substantial latitude to permit the amendment of the petition at any time after the petition's initial filing") (internal quotations omitted).

    The exceptions to the PCRA time bar illustrated by *Medina* and *Boyd* fail to establish that the PCRA's time bar is not an adequate and independent state law procedural ground to deny relief. Pursuant to the PCRA, any PCRA petition "including a second or subsequent

petition, shall be filed within one year of the date the judgment becomes final." 42 Pa. Cons. Stat. § 9545(b)(1). The PCRA's time bar is an "adequate" state law ground to support the Superior Court's judgment in this case, because the timing requirements for filing a PCRA petition are firmly established and regularly followed as they are "jurisdictional in nature." *Albrecht*, 994 A.2d at 1093 (2010) ("[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (2006)); *see also Com. v. Watts*, 23 A.3d 980, 983 (2011) (the PCRA "statute confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.") (quoting *Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (2003)). The fact that the Pennsylvania Rules of Criminal Procedure allow the PCRA court discretion to "grant leave to amend or withdraw a petition for post-conviction collateral relief at any time" does not negate the fact that the PCRA time bar is regularly applied to determine if a court has jurisdiction over the petitioner's claims. Pa. R. Crim. P. 905(A). Moreover, Pennsylvania appellate courts have consistently "condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements are subject to waiver" despite the PCRA court entertaining and ruling on such claims. *Commonwealth v. Reid*, 99 A.3d 470, 484 (2014); *see also Commonwealth v. Elliott*, 80 A.3d 415, 430 (2013) (holding that a petitioner waived his ineffective assistance of counsel claims because it was not included in

his PCRA Petition and the PCRA court did not give him permission to amend his PCRA petition); *Commonwealth v. Porter*, 35 A.3d 4, 14 (2012) (holding that a PCRA petitioner cannot raise new claims by supplementing a pending PCRA petition without prior court authorization because doing so would "wrongly subvert the time limitation and serial petition restrictions of the PCRA"). Finally, the PCRA's time bar is also an independent state law ground, because this procedural requirement for timely filing PCRA petitions is separate from federal law and the merits of Marcy's recantation claim. Thus, the Superior Court's decision to overturn the PCRA Court's grant of a new trial and reinstate Marcy's judgment rests on adequate and independent state law procedural grounds.

Because federal courts are unable to review a state court judgment that rests on adequate and independent state law grounds, this would conclude our consideration of Marcy's case, prohibiting a grant of a writ of habeas corpus. Marcy, however, argues that his procedural default should be excused because (1) he has demonstrated cause for the default and prejudice attributable thereto, and (2) a fundamental miscarriage of justice would ensue if this Court did not review his claim.

First, the Court analyzes whether Marcy has demonstrated cause and prejudice. To establish cause and prejudice, "'a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements.'" *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002) (quoting *Coleman*, 501 U.S. at 753). A petitioner has shown "cause" that is "external to the defense" when there is

"interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486; *see also Coleman*, 501 U.S. at 752 (concluding that an "ignorant or inadvertent procedural default" such as the failure to take a timely appeal in a state court proceeding does not satisfy the cause element of cause and prejudice). Ineffective assistance of counsel can be cause for a procedural default when the attorney's ineffectiveness rises to the level of a Sixth Amendment violation. *Cristin*, 281 F.3d at 420 (citing *Murray*, 477 U.S. at 488). A petitioner, however, does not have a right to representation under the Sixth Amendment at the PCRA stage. *Pennsylvania v. Finley*, 481 U.S. 551, 107 (1987). Thus, a petitioner's allegations of his counsel's alleged ineffective assistance cannot establish cause for his procedural default. *Id.* (citing *Coleman*, 501 U.S. at 752).

    Here, Marcy has neither demonstrated cause nor prejudice. To establish cause, Marcy claims that his counsel during his PCRA proceedings provided ineffective assistance of counsel. (Doc. 5, at 20). Marcy explains that "the Superior Court . . . implies to its readers, that [Marcy] is responsible for the improprieties and/or default." (Doc. 4, at 22). Marcy contends, however, that it was his counsel's obligation to timely supplement the PCRA record in compliance with PCRA procedure, so that the "Superior Court would have been

14

legally bound to affirm the PCRA Court's GRANT of relief in the form of a new Trial." (Doc. 5, at 22) (emphasis in the original). This "omission[]" prejudiced his case, because it "stripped" him of his new trial, which the PCRA Court had granted. (Doc. 5, at 22).

Marcy's argument fails to demonstrate good cause due to his attorney's alleged "omissions," because a petitioner does not have a right to representation under the Sixth Amendment during the PCRA process. Marcy's failure to timely include his recantation claim in his PCRA petition constitutes his own "ignorant or inadvertent procedural default," which cannot establish cause. It should also be noted that the PCRA Court gave Marcy an opportunity to supplement his PCRA petition in 2013. At which point, Marcy could have timely raised his recantation claim, as he had been aware of this evidence since he filed his PCRA petition in 2012; but he failed to do so. Marcy has also failed to establish prejudice, because the Superior Court would not have been "legally bound to affirm" the PCRA Court's grant of a new trial. Absent Marcy's procedural default, which barred the Superior Court's jurisdiction from considering the substance of his recantation claim, the Superior Court may have decided to reverse the PCRA Court's grant of a new trial and reinstate Marcy's judgment of sentence on the merits. Thus, Marcy has not shown cause and prejudice to excuse procedurally defaulting his recantation claim.

The Court next turns to whether Marcy's procedural default should be excused so as to prevent a fundamental miscarriage of justice. (Doc. 5, at 19). "To establish a miscarriage of justice excusing a procedural default, a habeas petitioner must persuade the district court

15

that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Cristin*, 281 F.3d at 420 (internal quotations omitted). Thus, the "miscarriage of justice inquiry" is typically concerned with "actual innocence." *Id.* "Actual innocence means factual innocence, not mere legal insufficiency." *Sweger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002) (internal quotations omitted). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). This standard is "demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations omitted). A court reviewing a habeas petition must consider "all the evidence, old and new, incriminating and exculpatory." *Id.* Using this record, "the court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

Here, Marcy argues that his conviction was secured by false testimony, violating his right to due process under the Fifth Amendment, equal protection of the law under the Fourteenth Amendment, and confrontation and compulsory process under the Sixth Amendment. (Doc. 5, at 23). To support his allegations of constitutional error, he refers back to the same recantation evidence that he presented in the Additional Supplement. (*Id.* at 24-25).

Marcy has failed to meet all the requirements set forth in *Schlup* for an actual innocence claim, namely that the petitioner must present "new evidence." Under AEDPA, "[e]vidence becomes 'known' on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence.'" *Sistrunk*, 674 F.3d at 188-89 (quoting 28 U.S.C. § 2244(d)(1)(D)). Here, the Superior Court found that when Marcy was directed to supplement his PCRA petition in 2013, he had known of the victim's recantation as he attached an affidavit to his PCRA petition in 2012 with similar statements. (Doc. 17-6, at 94). Marcy failed, however, to include any recantation evidence in his Supplement. (*Id.*). By the time he properly alleged his recantation evidence in the Additional Supplement in 2014, the Superior Court concluded that the claim was waived and time barred under the PCRA filing requirements. (*Id.* at 95). This finding by the state court binds this Court. *See Warren v. Kyler*, 422 F.3d 132, 136 (3d Cir.2005) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (internal quotations omitted). Thus, this Court will not construe the evidence of innocence Marcy offers, based on the victim's recanting, as "new." As such, Marcy cannot establish that his procedural default should be excused to prevent a fundamental miscarriage of justice, because he has not met the standard for establishing actual innocence.

Marcy has not met his burden of demonstrating good cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Thus, the Court will

17

deny his habeas petition because federal courts are prohibited from reviewing a state court judgment that rests on adequate and independent state law grounds.

## IV.     CONCLUSION

The Superior Court's decision to overturn the PCRA Court's grant of a new trial and reinstate Marcy's judgment of sentence rests on its determination that Marcy procedurally defaulted his recantation claim because it was time barred by the PCRA. Since the PCRA time bar is an adequate and independent state law procedural ground to deny relief and Marcy has failed to establish that his procedural default should be excused for cause and prejudice or to prevent a fundamental miscarriage of justice, this Court is bound by the Superior Court's determination. Marcy's habeas petition (Doc. 1) will thus be denied and the Report and Recommendation (Doc. 22) will not be adopted.

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034, 154 L. Ed. 2d 931 (2003). The instant petition does not warrant habeas relief, and reasonable jurists would not find this conclusion to be

debatable. Accordingly, a certificate of appealability will not be issued because the Petitioner has not made a substantial showing of the denial of his constitutional rights. *See Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate order follows.

                                             _s/ *Robert D. Mariani*_
                                             Robert D. Mariani
                                             United States District Judge